# IN THE SUPREME COURT OF THE STATE OF MONTANA

## AF 09-0688

FILED

JUL 2 1 2010

*Ed Smith*

CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN RE THE RULES OF PROFESSIONAL
CONDUCT ON ADVERTISING

ORDER

On November 30, 2009, the Trustees of the State Bar of Montana and the Ethics Committee (Petitioners) filed with this Court a Petition and Memorandum in Support of Revision of the Rules of Professional Conduct on Advertising.

The Petition alleges the proposed amendments would (1) clarify Montana disciplinary jurisdiction over attorney advertising; (2) specifically identify types of misleading lawyer communications; and (3) recognize that Montana does not have a procedure to "qualify" a lawyer referral service.

On January 8, 2010, this Court ordered members of the bench and bar of Montana and any other interested persons 90 days to file comments and/or suggestions to the Proposed Revision to the Rules of Professional Conduct on Advertising.

We have reviewed the Petition, Memorandum and all comments and/or suggestions received and conclude that the attached amendments to the Rules of Professional Conduct on Advertising should be adopted. Therefore, good cause appearing,

IT IS HEREBY ORDERED that Rules 7.1 (Communications Concerning a Lawyer's Services), 7.2 (Advertising), and 8.5 (Jurisdiction and Certification) of the Rules of Professional Conduct on Advertising are hereby amended in accordance with the attached, and by this reference made a part hereof. The deleted language of the attached, amended

1

Rules is stricken and the underlined language is added.

IT IS FURTHER ORDERED that these amendments shall be effective immediately.

IT IS FURTHER ORDERED that the Clerk of this Court shall give notice hereof to each District Court Judge; each Clerk of the District Court; the Executive Director of the State Bar of Montana, with a request that the State Bar publish a reference or link to this order on the State Bar's website and that notice of this order be published in the *Montana Lawyer*; to the Montana State Law Library, with a request that it publish a reference or link to this order on the Law Library's website.

DATED this ___ day of July, 2010.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Rule 7.1 Communications Concerning a Lawyer's Services.

A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false ~~or misleading~~ if it contains a material misrepresentation of fact or law. ~~,~~ A misleading communication includes, but is not limited to those that:

(a) omits a fact as a result of which ~~necessary to make~~ the statement considered as a whole ~~not~~ is materially misleading; ~~.~~

(b) is likely to create an unjustified expectation about results the lawyer can achieve;

(c) proclaims results obtained on behalf of clients, such as the amount of a damage award or the lawyer's record in obtaining favorable verdicts or settlements, without stating that past results afford no guarantee of future results and that every case is different and must be judged on its own merits;

(d) states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;

(e) compares the quality of a lawyer's or a law firm's services with other lawyers' services, unless the comparison can be factually substantiated;

(f) advertises for a specific type of case concerning which the lawyer has neither experience nor competence;

(g) indicates an area of practice in which the lawyer routinely refers matters to other lawyers, without conspicuous identification of such fact;

(h) contains any paid testimonial about, or endorsement of, the lawyer without conspicuous identification of the fact that payments have been made for the testimonial or endorsement;

(i) contains any simulated portrayal of a lawyer, client, victim, scene, or event without conspicuous identification of the fact that it is a simulation;

(j) provides an office address for an office staffed only part time or by appointment only, without conspicuous identification of such fact;

(k) states that legal services are available on a contingent or no-recovery, no-fee basis without stating conspicuously that the client may be responsible for costs or expenses, if that is the case; or

(l) advertises for legal services without identifying the jurisdictions in which the lawyer is licensed to practice.

Rule 7.2 Advertising.

(a) Subject to the requirements of Rules 7.1 and 7.3, a lawyer may advertise services through written, recorded, or electronic communication, including public media.

(b) A lawyer shall not give anything of value to a person for recommending the lawyer's services except that a lawyer may:

1

(1) pay the reasonable costs of advertisements or communications permitted by this Rule;

(2) pay the usual charges of a legal service plan or a not-for-profit ~~or qualified~~ lawyer referral service ~~A qualified lawyer referral service is a lawyer referral service that has been approved by an appropriate regulatory authority~~; and

(3) pay for a law practice in accordance with Rule 1.19.

(c) Any communication made pursuant to this rule shall include the name and office address of at least one lawyer or law firm responsible for its content.

Rule 8.5 Jurisdiction and Certification.

A lawyer who is not an active member in good standing of the State Bar of Montana and who seeks to practice in any state or federal court located in this State pro hac vice, by motion, or before being otherwise admitted to the practice of law in this State, shall, prior to engaging in the practice of law in this State, certify in writing and under oath to this Court that, except as to Rules 6.1 through 6.4, he or she will be bound by these Rules of Professional Conduct in his or her practice of law in this State and will be subject to the disciplinary authority of this State. A copy of said certification shall be mailed, contemporaneously, to the business offices of the State Bar of Montana in Helena, Montana.

A lawyer not admitted to practice in this State is subject to the disciplinary authority of this State for conduct that constitutes a violation of these Rules and that:

(1) involves the practice of law in this State by that lawyer; ~~or~~

(2) involves that lawyer holding himself or herself out as practicing law in this State; ~~or~~

(3) advertises, solicits, or offers legal services in this State; or

(4) involves the practice of law in this State by another lawyer over whom ~~this~~ that lawyer has the obligation of supervision or control.

A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.

2